FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA    04 JUN 30 AM 11:29
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 30 2004

| | |
|---|---|
| ANNE ELIZABETH ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 99-G-3438-S |
| ) | |
| GENERAL MOTORS CORPORATION, a ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

This cause is before the court upon the motion of the defendant, General Motors Corporation ("GM"), for summary judgment. This action arises out of an automobile accident that occurred on November 23, 1997, wherein the plaintiff, Ann Elizabeth Rose ("Rose") was the driver of a 1997 Chevrolet Cavalier. The subject Cavalier was manufactured by GM. Rose alleges that the air bag restraint system in the Cavalier deployed after the collision was over, injuring her.

The subject Cavalier has been disposed of and is not in Rose's possession. Neither Rose, her counsel, nor GM have any information regarding the present location of the subject Cavalier. Rose has not retained any persons to serve as expert witnesses on

28

her behalf in this action.[1] The deadline for plaintiff to identify her experts and produce expert reports under the court's Rule 16(b) scheduling order has expired. Rose has not sought an extension of that deadline.

In her complaint the plaintiff alleges GM impliedly and/or expressly warranted that the subject Cavalier was fit for its intended use as a passenger vehicle on the public roadways pursuant to Code of Alabama, 1975, § 7-2-315; and further impliedly warranted that said product was merchantable pursuant to the Code of Alabama, 1975, § 7-2-314 and § 7-2-315. Plaintiff has offered no argument or facts to support her express warranty claim, and summary judgment is clearly due to be entered on those claims. In support of it's motion for summary judgment, GM sets forth several arguments.

I.  GM ARGUES THAT THE PLAINTIFF'S BREACH OF IMPLIED WARRANTY CLAIMS ARE SUBSUMED WITHIN THE ALABAMA EXTENDED MANUFACTURERS LIABILITY DOCTRINE ("AEMLD").

GM argues that the plaintiff's implied warranty claims are in fact Alabama Extended Manufacturers Liability Doctrine ("AEMLD") claims. It further argues that expert testimony is required to prove the subject Cavalier was unreasonably dangerous. If these are correct statements of Alabama law, GM is entitled to summary judgment because of the plaintiff's failure to offer expert testimony. In Spain v. Brown & Williamson Tobacco Corp., 230 F.3d 1300 (11th Cir. 2000), the court was faced with a

---

[1] The parties have stipulated to the above facts. [Doc. # 11]

2

breach of implied warranty claim similar to that put forth in the present case. In that case, the plaintiff's argument, in essence, was that "cigarettes were unfit for the ordinary purpose for which they are used because they caused cancer, making them unreasonably dangerous and not merchantable." 230 F.3d 1310. The Eleventh Circuit Court of Appeals, after reviewing applicable Alabama case law, concluded that such claims were not cognizable under the U.C.C., but rather must be brought under the AEMLD. Because the court was certifying other questions to the Alabama Supreme court, it also presented this issue for consideration by the Alabama Supreme Court. The court, however, clearly believed such warranty claims could not be maintained under Alabama law. Id. at 1310-11. ("Unless the Alabama Supreme Court tells us differently, we are convinced that the complaint does not state a claim for breach of an implied warranty of merchantability.")

Based upon the Eleventh Circuit's reading of Alabama law, the present complaint would likewise fail to state a claim, since the plaintiff's claim is in essence that the vehicle's air bag deployed late, thereby making the vehicle unmerchantable. Rose argues that she is not alleging the air bag system is unreasonably dangerous, but rather only claims that it failed to operate in a manner as it was intended. (Pl.'s Resp. Br. at pp. 2-3.) However, it is difficult to discern a meaningful difference, since it is the physical injury allegedly resulting from the improperly deploying air bag that is the essence of Rose's complaint. For this reason, the court stayed consideration of the defendant's

3

summary judgment motion pending the Alabama Supreme Court's ruling on the questions certified by the Eleventh Circuit.

The Alabama Supreme Court answered the certified question by concluding that plaintiff's may assert breach of implied warranty claims in cases of injury by an unreasonably dangerous product. Spain v. Brown & Williamson Tobacco Corp., 872 So. 2d 101, 111 (Ala. 2003)("Thus, a claim alleging breach of an implied warranty of merchantability is separate and distinct from an AEMLD claim and is viable to redress an injury caused by an unreasonably dangerous product.")  Therefore, Rose's breach of warranty claim is not subsumed within the AEMLD.

II. GM ARGUES THAT THE PLAINTIFF'S BREACH OF IMPLIED WARRANTY CLAIMS ARE BARRED BECAUSE GM IS NOT A SELLER UNDER ALABAMA LAW.

The implied warranty of merchantability is found in Ala. Code 1975 § 7-2-314(1), which provides in pertinent part as follows: "Unless excluded or modified (Section 7-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." In cases involving personal injury, the rules of privity of contract have been relaxed by Section 7-2-318, which provides as follows:

> A sellers' warranty, whether express or implied, extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.

4

Ala. Code 1975. This section was interpreted in <u>Bishop v. Faroy Sales</u>, 336 So. 2d 1340 (Ala. 1976). In <u>Bishop</u>, the court concluded that § 7-2-318 "eliminates the vertical privity requirement in a suit for breach of warranty if it is reasonable to expect that such person may use, consume or be affected by the goods and is injured in person by breach of the warranty." <u>Id.</u> at 1345. In reaching this conclusion, the court noted that "sellers" are not limited to retailers: "By its terms, a seller is anyone who sells, including a manufacturer or distributor." <u>Id.</u> at 1343. Based upon <u>Bishop</u>, the plaintiff argues that GM is liable for breach of the implied warranty of merchantability that arose when GM sold the vehicle to the dealership.

It is important to note section 7-2-318 extends the warranty protection downstream to the injured party (Rose), rather than upstream to remote sellers (GM). Section 7-2-318 does not make an upstream seller liable for a warranty given by a downstream seller, in this case the dealer. <u>Bishop</u> makes this clear:

> Thus, a manufacturer's or distributor's warranty extends to "any natural person if it is reasonable to expect that such person may use, consume, or be affected by the goods and who is injured in person by the breach of the warranty." . . . . Thus, by the terms of the statute, a manufacturer's or distributor's warranty would extend to the final buyer-consumer of the product (as well as to other possible parties horizontally) if he is injured in person by the breach of the warranty.

336 So. 2d at 1343. Nor does it prevent the upstream seller (GM) from excluding the implied warranties when it sold the vehicle to the dealer.

> The last sentence of this section [7-2-318] does not mean that a seller is precluded from excluding or disclaiming a warranty which might otherwise

> arise in connection with the sale provided such exclusion or modification is permitted by Section 7-2-316. Nor does that sentence preclude the seller from limiting the remedies of his own buyer and of any beneficiaries, in any manner provided in Sections 7-2-718 or 7-2-719. To the extent that the contract of sale contains provisions under which warranties are excluded or modified, or remedies for breach are limited, such provisions are equally operative against beneficiaries of warranties under this section.

Ala. Code 1975, § 7-2-318, Official Comment No. 1.

Bishop would seem to preclude GM from arguing that it is not a seller. However, a recent decision of the Alabama Supreme Court contradicts the holding of Bishop. In Ex Parte General Motors Corp., 769 So. 2d 903, (Ala 1999), the court considered whether a consumer could assert claims against a manufacturer for breach of the manufacturer's implied warranties. In that case, the plaintiff, Aaron Tucker, sued both GM and the dealer, Jim Bishop Chevrolet-GEO-Buick-Olds, Inc. ("Jim Bishop"), seeking "damages for personal injury, medical expenses, emotional and mental distress, property damage, and loss of value and use of the car." Id. at 905. The Alabama Supreme court determined that even though on appeal Tucker's arguments implied that he believed he had asserted claims for breach of the implied warranty of merchantability against GM, no such claims were asserted. Id. at 910. However, the court addressed the viability of such claims:

> In its opinion in this case, the Court of Civil Appeals held that under Alabama's version of the Uniform Commercial Code ("UCC"), implied warranties are applicable only to sellers. 769 So.2d at 901-02. We agree; that holding is an accurate statement of the law. See Rhodes v. General Motors Corp., 621 So. 2d 945, 947 (Ala.1993). If Tucker had alleged a

> breach of an implied warranty as to GM, a summary judgment would be proper as to any such claim.

Id. at 910. The Court of Civil Appeals had held as follows: "Tucker cannot pursue his claim against GM because, as provided in the statute, the implied warranty of merchantability attaches only to the *seller* of the goods, not the manufacturer." Tucker v. General Motors Corporation, 769 So. 2d 895, 901 (Ala. Civ. App. 1998).

Since this is a diversity action, this court must apply the substantive law of Alabama. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 823, 82 L. Ed. 1188 (1938). In applying state law, this court "must decide the case the way it appears the state's highest court would." Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F.3d 1285, 1290 (11th Cir.2001) (internal quotation marks omitted). The above statement by the Supreme Court of Alabama clearly indicates that the Alabama Supreme Court would directly overrule Bishop[2] if presented with a case such as is presently before this court. Ex Parte General Motors is a recent emphatic statement by the highest court in Alabama that the law in Alabama precludes actions by remote consumers against automobile manufacturers for breach of the implied warranty of merchantability, even in cases of personal injury.

---

[2] Although Bishop is the landmark case interpreting Section 7-2-318, it was cited by neither the Court of Civil Appeals nor the Alabama Supreme Court in their discussions of the implied warranty of merchantability, even though both opinions state that Tucker was suing for personal injuries.

7

Although GM argues in the present case that <u>Tucker</u> and <u>Ex Parte General Motors</u> were wrongly decided, this court must nonetheless apply the law of Alabama as it appears the Alabama Supreme Court would at this time. This court will not presume that the Alabama Supreme Court was unaware that personal injuries were involved in <u>Ex Parte General Motors</u>, since the opinion itself states that Tucker sought recovery for personal injuries. Nor will the court presume that the Alabama Supreme Court was unaware of Section 7-2-318 or <u>Bishop</u>, the seminal case interpreting that section as it relates to manufacturers. Therefore, Rose may not bring her breach of implied warranty claims against GM under present Alabama law. This conclusion is compelled by the following statement in <u>Ex Parte General Motors</u>: "If Tucker had alleged breach of an implied warranty as to GM, a summary judgment would be proper as to any such claim." 769 So. 2d at 910. It is up to the Alabama Supreme Court to interpret Alabama law, and this court must defer to that interpretation whether or not it appears to be correct.

III.  GM ARGUES THAT THE PLAINTIFF HAS NOT INTRODUCED A GENUINE ISSUE OF FACT AS TO HER IMPLIED WARRANTY CLAIMS.

Although the court has concluded that Rose may not bring an action for breach of implied warranties against GM under Alabama law because GM is not a seller, it is clear that even if such claims were permissible, GM would be entitled to summary judgment. To establish a claim for breach of the implied warranty of merchantability, a plaintiff must prove three elements: (1) The existence of the implied warranty; (2) a breach of that warranty; and (3) damages proximately resulting from that breach. <u>Tucker</u>

8

v. General Motors 769 F.2d 895, 901 (Ala. Civ. App. 1998). The warranty of merchantability is found in Section 7-2-314, Code 1975, which provides in pertinent part as follows: "Goods to be merchantable must be at least such as: (a) Pass without objection in the trade under the contract description; and . . . . (c) Are fit for the ordinary purposes for which such goods are used . . . ."

Assuming *arguendo* that Rose has presented a jury question as to the existence of the warranty, she must still prove that the subject automobile would not "[p]ass without objection in the trade" or that it was not "fit for the ordinary purposes for which such goods [automobiles] are used."[3] Rose has presented insufficient evidence to create a jury question on either issue. The only evidence of record is provided by the affidavit of Rose. In her affidavit she avers that GM knew she would use the automobile "as a passenger car on the public roadways." (Rose Aff. at ¶¶ 2-3.) She further avers as follows: "It is my belief that the product or article, particularly the air bag system was not reasonably fit and suitable for the use for which it was intended . . . ." (Rose Aff. at ¶ 4 (emphasis added).) Her final averment is as follows: "Further, I have personal knowledge that the injuries I sustained was [sic.] proximately caused by the failure of these defendants to manufacture a product and/or component parts of said product, which

---

[3] It must be borne in mind that the dealership bought an automobile, and not an air bag system. Therefore, it is not enough to show that the air bag system would not pass without objection or that it was not fit for it's intended purpose. Rather Rose must show that the *automobile* as a whole, either would not pass without objection or was not fit for it's intended purpose.

were reasonably safe for it's intended use." (Rose Aff. at ¶ 5.(emphasis added).) Therefore, Rose does not unequivocally aver that the *automobile* was not fit for its intended use, but that either the automobile, *or* it's component parts, *or* both were unfit.[4] Furthermore, Rose's averments are conclusory and not based upon personal knowledge.

In addition, there is a complete lack of evidence tending to show that the air bag system failed to operate properly. Although it is alleged in the complaint that the air bag deployed after the accident, Rose, in her affidavit makes no such averment.[5] Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L. Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c), (e)). In the present case, there is simply no evidence in the record that would allow a reasonable jury to conclude that the automobile either would not pass

---

[4] Rose's affidavit does not aver that the automobile would not pass within the trade.

[5] Late deployment, by itself, would not necessarily be evidence that at the time the automobile was sold by GM to the dealer, it was defective. Intervening damage to the air bag system might have caused such late deployment. Without expert testimony, it cannot even be concluded that late deployment was a defect. Untold variables in the circumstances of the wreck might account for late deployment of even a properly designed air bag system. In any event, the plaintiff has not even presented evidence that the air bag in fact deployed late.

within the trade, or that it was not fit for it's intended purpose. In fact, there is no competent evidence in the record tending to show the air bag system failed to operate properly.

## CONCLUSION

Although the AEMLD does not subsume the plaintiff's breach of implied warranty claims against GM, those claims are barred under Alabama law because GM is not a seller. Even if GM were considered a seller under Alabama law, the evidence of record is insufficient to create a genuine issue for trial. Therefore, for either of these alternative reasons, GM is entitled to summary judgment as a matter of law.

DONE this 30th day of June 2004.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

11